**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4930-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALEXANDER M. ANTONIADES,

    Defendant-Appellant.

_____

Submitted May 16, 2018 — Decided June 6, 2018

Before Judges Koblitz and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Sussex County, Indictment No.
10-01-0022.

Wilentz, Goldman and Spitzer, PA, attorneys
for appellant (Darren M. Gelber, of counsel
and on the brief).

Francis A. Koch, Sussex County Prosecutor,
attorney for respondent (Gregory R. Mueller,
First Assistant Prosecutor, of counsel and on
the brief).

PER CURIAM

    Defendant Alexander M. Antoniades appeals from the June 15,
2017 order denying his petition for post-conviction relief (PCR)
without an evidentiary hearing. Defendant argues his lawyer should

have presented evidence of his extensive psychiatric history in mitigation of the sentence. Although we agree this may have been preferable, we accept the sentencing judge's evaluation that it would not have affected the sentence imposed for aggravated manslaughter, N.J.S.A. 2C:11-4. We affirm.

Defendant was originally charged with murder, N.J.S.A. 2C:11-3(a)(1) or (2), as well as numerous drug-related charges. In exchange for his plea of guilty to aggravated manslaughter, all other charges were dismissed, the State agreed not seek an extended term and a sentence on a violation of probation on an unrelated charge was to run concurrent. Although the State indicated it would seek a thirty-year sentence, defendant was permitted to argue for a lesser term.

Defendant admitted he stabbed his girlfriend twice with a knife in her apartment in March 2009. He stole her possessions. Two days after the killing, defendant called the police to report a murder and initially denied his involvement. Two of the victim's friends reported that defendant told them she died of a drug overdose. Defendant had previously been convicted of a federal bank robbery and possession of drugs. Defendant was forty-eight years old and the victim was twenty-seven years old.

Defendant was sentenced to thirty years in prison with an eighty percent parole disqualifier pursuant to the No Early Release

Act, N.J.S.A. 2C:43-7.2. We affirmed his appeal, which raised an excessive sentence argument only, by order dated December 10, 2012.[1]

On this appeal, defendant argues:

> POINT I: COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE REPRESENTATION BY FAILING TO APPROPRIATELY PRESENT AVAILABLE EVIDENCE IN SUPPORT OF A MITIGATION OF SENTENCE ARGUMENT.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a criminal defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey . . . ." "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, 129 N.J. at 459 (citations omitted). "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

Claims of constitutionally ineffective assistance of counsel are well suited for post-conviction review. See R. 3:22-4(a)(2);

---

[1] The matter was heard at a sentence only argument panel, Rule 2:9-11.

Preciose, 129 N.J. at 460. In determining whether a defendant is entitled to relief on the basis of ineffective assistance of counsel, New Jersey courts apply the two-prong test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and United States v. Cronic, 466 U.S. 648, 658-60 (1984). Preciose, 129 N.J. at 463; see State v. Fritz, 105 N.J. 42, 49-50 (1987).

Under the first prong of the Strickland test, a "defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. Under the second prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Privately-retained defense counsel submitted a ten-page pre-sentencing memorandum seeking a ten-year sentence, the minimum under the plea agreement. Although acknowledging defendant's prior criminal history, counsel argued that this killing was "aberrant conduct" due to his unfortunate childhood that created a "mentally unbalanced and drug-addled individual" who had a "troubled mind." Defendant claimed that the victim wanted to commit suicide due to her addiction and he killed her because he thought she could not get into heaven if she killed herself. Counsel attached four letters from family and a friend attesting

to defendant's non-violent past, as well as a letter from defendant. The State at sentencing presented the judge with a copy of the autopsy report indicating the victim fought back and was beaten as well as stabbed.

Counsel argued the following statutory mitigating factors applied: (3) he acted under a strong provocation; (4) grounds existed to justify his behavior; (8) it was the result of circumstances unlikely to recur; and (11) imprisonment would entail excessive hardship due to defendant's "advanced liver disease." See N.J.S.A. 2C:44-1 (b). The sentencing judge found defendant to be remorseful, but found no mitigating factors. On the judgment of conviction the judge noted that defendant was on various medications including "Respital (hearing voices)" and "Pax[i]l (depression)."

At the PCR hearing, which took place before the sentencing judge, defendant produced voluminous documents supporting the argument that he had a lengthy history of serious psychiatric disorders. The judge noted that he had been aware that defendant told the police when questioned that he suffered from bipolar disorder. At sentencing, defense counsel had also brought out in his lengthy oration that defendant suffered from many "physical and mental afflictions." He spoke of defendant's "mental

instability," apart from his drug abuse, when urging the judge to find mitigating factor (4).

At the PCR hearing, defendant submitted a report from a psychiatrist who reviewed defendant's medical records. The psychiatrist noted defendant's psychiatric disorders, including bipolar disorder and depression, as documented in the records, beginning in 2000. The doctor diagnosed defendant as suffering from "[c]hronic [s]evere [b]ipolar [d]isorder with predominant symptoms of chronic depression and episodic symptoms of psychotic auditory hallucinations." He was also suffering from polysubstance abuse and chronic adjustment disorder of adult life. He determined through a "retrospective review of records" that defendant had a "severe and debilitating psychiatric affliction."

The judge found that had this detailed psychiatric material been presented to him at sentencing, his decision would not have changed. The judge agreed that defense counsel perhaps should have submitted a psychiatric report, but noted that defendant's undisputed condition did not change the judge's analysis of the mitigating and aggravating factors. The judge pointed to specific references defense counsel made to defendant's psychiatric conditions at sentencing.

The judge concluded that even if defendant had proven the first prong of the Strickland test, that defense counsel's

presentation was defective, defendant failed under the second prong. The psychiatric report and records would not have changed the judge's findings or sentencing decision. We respect the care the judge took to review and analyze defendant's PCR presentation and agree that defendant did not demonstrate a denial of his right to effective representation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4930-16T3